■ RICHARD MARTINKOVIC, an Infant, by JOSEPH MARTINKOVIC, His Guardian ad Litem, et al., Appellants, et al., Plaintiff, v. CARL M. ACKERLEY, Respondent.— This is an appeal by the plaintiffs from a judgment entered on a jury verdict of no cause of action rendered upon a trial in the Supreme Court of Sullivan County and from the order denying a motion for a new trial. Appellants Richard and Anna Martinkovic were passengers in a car driven by Joseph Martinkovic on May 24, 1953. The vehicle was proceeding in a generally

632

westerly direction along a county road which ran into, but did not cross, another county road running north and south, which was part of the State highway system. There were two stop signs on the road on which the Martinkovics were traveling, one on a post 90 feet from the intersection and the other painted on the surface of the road 50 feet from the intersection. There were no stop signs on the through road, running north and south. Joseph Martinkovic testified that he had brought his vehicle to a stop at the edge of the north-south highway. He looked but saw no traffic and then proceeded into the intersection with the intention of making a left turn. The front of his car had moved to about the center line of the north-south road when it was struck by the defendant's vehicle, which was proceeding in a northerly direction. Joseph Martinkovic testified that he saw the defendant's car for the first time when it was only 10 or 15 feet from his car. The defendant testified that he saw the Martinkovic car standing still at the intersection, when the defendant was about 200 feet south of the intersection. The defendant slowed down but when he saw that the plaintiffs' car remained stationary, he resumed speed. According to the defendant, when his car was about 30 or 40 feet from the intersection, the plaintiffs' car started up and pulled out in front of the defendant and started to turn to the left. Defendant swerved to the left to avoid a collision and put on his brakes but the collision occurred. According to the defendant's version of the accident, which the jury had the right to accept, the defendant proceeded into the area of the intersection in the reasonable belief that the plaintiffs' car would wait for him to complete the crossing and, when the plaintiffs' car suddenly started up, it was too late to avoid a collision. On that basis, the jury was justified in finding that the accident was due solely to the negligence of the plaintiffs' own driver and that the defendant was not guilty of any negligence which contributed to the happening of the accident. Judgment and order appealed from unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.